DYK, Circuit Judge,
concurring.
I join the majority opinion, but write separately to note the government’s remarkable suggestion that Rodriguez’s testimony during his fellow agents’ criminal trial in 2003 was not protected activity— i.e., that Rodriguez could have been removed for testifying. This is so, the government contends, because the testimony allegedly was given as part of Rodriguez’s normal duties. Respondent’s Br. at 30, 32-33 (citing Huffman v. Office of Pers. Mgmt., 263 F.3d 1341, 1352-54 (Fed.Cir.2001)).
That is plainly incorrect as a factual matter. Rodriguez was employed first as a Detention Enforcement Officer, where his primary responsibility appears to have been transporting detained aliens in a passenger bus, and later as a Deportation Officer. While his job responsibilities may have entailed testifying in court proceedings involving immigration matters, nothing in the record supports the government’s bald assertion that Rodriguez “testified against his coworkers in the course of his normal job duties, through normal channels.” Id. at 33. Rodriguez’s normal job duties did not consist of “the task of investigating and reporting wrongdoing by government employees,” Huffman, 263 F.3d at 1352, much less testifying against them in criminal trials.
In any event, in my view disclosures in criminal trial testimony against an employee’s coworkers could virtually never be said to be part of an employee’s normal duties. They are protected activity within the meaning of the WPA. It cannot seriously be doubted that government employees who give such testimony against their coworkers put themselves at substantial risk of workplace retaliation. It is critically important that those employees be protected, and the WPA was designed to afford such protection.
Rodriguez’s allegations of reprisal following his testimony are troubling. In May 2003, he gave key testimony leading to the conviction of three fellow INS agents who violated the civil rights of detainee Serafín Carrera. The Fifth Circuit affirmed the agents’ convictions on January 17, 2006. United States v. Gonzales, 436 F.3d 560 (2006). Not until June 30, 2006, after those convictions had been affirmed by the Fifth Circuit, did the Agen *323 cy propose Rodriguez’s removal based on the statements made in his trial testimony that he had unplugged the IDENT machine on the day of Carrera’s arrest. The timing of the personnel action against Rodriguez is, to say the least, suspicious. Nonetheless, I agree that Rodriguez did not raise this issue below, and so it is not properly before us.